# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

GEORGE W. JAMES, *Individually
and as Administrator of the Estate
of Sheri L. James, Deceased*,

      Plaintiff,

v.           CIVIL ACTION NO. 5:17-cv-04257

UNITED STATES OF AMERICA,

      Defendant.

### MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Defendant United States of America's Motion to Dismiss, or, in the Alternative, for Summary Judgment* (Document 5) and supporting memorandum (Document 6), the *Plaintiff's Response to Defendant United States of America's Motion to Dismiss, or, in the Alternative, for Summary Judgment* (Document 8), and the *Reply Memorandum in Support of Defendant United States of America's Motion to Dismiss and/or for Summary Judgment* (Document 9). For the reasons stated herein, the Court finds that the motion should be granted.

### FACTS[1]

Plaintiff George W. James brought this action in his capacity as Administrator of the Estate of his late wife, Sheri L. James. Ms. James was a patient at Access Health, a federally-funded

---

1 For purposes of this opinion, the factual allegations contained in the complaint are accepted as true. The facts related to the dates of administrative decisions, filing dates, and MPLA compliance are drawn from the documents submitted by the parties, and are not in dispute.

facility in Beckley, West Virginia. She presented to her doctor, Dr. Johnny Walker, on October 23, 2015, with a cyst on her chest. On October 26, 2015, she returned and reported to Dr. Walker that the cyst was worse. On October 28, 2015, she returned and reported no improvement. She returned the next day, and Dr. Walker noted that the infection appeared to be resolving. He advised that she should remain on antibiotics (which he had begun prescribing at her first visit) and present to the ER if her symptoms acutely worsen.

Ms. James's condition worsened in the next days, with fever, nausea, and vomiting. She presented at the Appalachian Regional Healthcare, Inc. Emergency Department on November 1, 2015. An ER doctor ordered several injections and prescriptions, drained the cyst, packed the wound, and discharged Ms. James with a prescription. The next day, she called Access Health. The person she spoke with documented that she "was in ER BARH over weekend with cyst on chest. She is still sick. Wanted to know if can get something for upset belly." (Compl. at ¶ 24) (Document 1.) A nurse spoke with Ms. James and informed her that she would obtain records and speak with the doctor. Dr. Amy Dowdy prescribed Promethazine HCL 35 mg without requesting that Ms. James come in for a visit or speaking directly to Ms. James. Ms. James returned to the ER on November 3, 2015, where she was diagnosed with "severe septic shock; increased LFTs secondary to shock liver; acute renal failure with severe metabolic acidosis; hyperkalemia and diarrhea." (*Id.* at ¶ 30.) She was transferred to West Virginia University Hospital on November 4, and died on November 5.

The Plaintiff asserts that Dr. Dowdy breached the standard of care in her treatment of Ms. James, resulting in Ms. James's death. The Plaintiff further asserts that Access Health is vicariously liable for the negligence of Dr. Dowdy and other employees.

The Plaintiff filed the complaint on November 1, 2017. His administrative tort claim was filed with the Department of Health and Human Services (HHS) on November 14, 2016. HHS sent a final denial letter to Plaintiff's counsel on March 23, 2017, with a return receipt confirming that the letter was delivered on March 27, 2017. The Plaintiff sent a notice of claim and certificate of merit to Dr. Dowdy, in compliance with West Virginia law, on November 4, 2016. Because the Court has considered the limited documents submitted related to the statute of limitations, the Court considers the United States' motion as a motion for summary judgment.

**STANDARD OF REVIEW**

The well-established standard in consideration of a motion for summary judgment is that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)–(c); *see also Hunt v. Cromartie*, 526 U.S. 541, 549 (1999); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014). A "material fact" is a fact that could affect the outcome of the case. *Anderson*, 477 U.S. at 248; *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). A "genuine issue" concerning a material fact exists when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. *FDIC v. Cashion*, 720 F.3d 169, 180 (4th Cir. 2013); *News & Observer*, 597 F.3d at 576.

The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 322–23. When determining whether summary judgment is appropriate, a court must

3

view all of the factual evidence, and any reasonable inferences to be drawn therefrom, in the light most favorable to the nonmoving party. *Hoschar*, 739 F.3d at 169. However, the non-moving party must offer some "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson*, 477 U.S. at 256. "At the summary judgment stage, the non-moving party must come forward with more than 'mere speculation or the building of one inference upon another' to resist dismissal of the action." *Perry v. Kappos*, No.11-1476, 2012 WL 2130908, at *3 (4th Cir. June 13, 2012) (unpublished decision) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)).

In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter," *Anderson*, 477 U.S. at 249, nor will it make determinations of credibility. *N. Am. Precast, Inc. v. Gen. Cas. Co. of Wis.*, 2008 WL 906334, *3 (S.D. W. Va. Mar. 31, 2008) (Copenhaver, J.) (citing *Sosebee v. Murphy,* 797 F.2d 179, 182 (4th Cir. 1986). If disputes over a material fact exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," summary judgment is inappropriate. *Anderson*, 477 U.S. at 250. If, however, the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment should be granted because "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23.

## DISCUSSION

The United States argues that it is entitled to summary judgment because the Plaintiff did not file this suit within six months after receiving notice of HHS's final denial of the administrative tort claim. The Plaintiff concedes that he "filed the Complaint more than six months after

4

receiving a final denial letter from the Department of Health and Human Services." (Resp. at 2.) He argues that the intent of the Federal Tort Claims Act (FTCA) was not to constrict the period for filing under the circumstances presented herein, and stresses that the delay in filing related to pre-suit settlement negotiations.

The FTCA requires that tort claims against the United States first be presented to the appropriate federal agency before suit may be initiated in federal court. 28 U.S.C. § 2675. The FTCA sets forth the following limitations periods:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C.A. § 2401(b). Under this provision, plaintiffs seeking to bring tort claims against the United States must first bring an administrative claim within two years after the claim accrues. If the administrative claim is denied, a plaintiff has six months after that denial to initiate a federal action.

Both parties have presented arguments based on the legislative history of the statute of limitations in the FTCA. However, the Court may only refer to legislative history for assistance in interpreting an otherwise ambiguous statute. "[O]ur inquiry begins with the statutory text, and ends there as well if the text is unambiguous." *BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004); *see also United States v. Pertuset*, 160 F. Supp. 3d 926, 932 (S.D.W. Va. 2016) (Johnston, J.) (discussing rules of statutory interpretation). The Court finds the statute of limitations to be unambiguous with regard to the requirement that a federal action be initiated within six months of final denial of an administrative tort claim. The Plaintiff concedes that he

did not initiate the action within six months of the agency's denial of his claim. His arguments regarding statutory interpretation and legislative intent cannot overcome the clear language of the statute.

"[T]he FTCA's time bars are nonjurisdictional and subject to equitable tolling. *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1638 (2015). However, equitable tolling is available only if plaintiffs "show that they have pursued their rights diligently and extraordinary circumstances prevented them from filing on time." *Raplee v. United States,* 842 F.3d 328, 333 (4th Cir. 2016), *cert. denied,* 137 S. Ct. 2274 (2017). The Plaintiff argues that he is entitled to equitable tolling to delay the running of the statute of limitations during settlement negotiations because "counsel believed it would be in the best interests of judicial economy and efficiency to resolve the claims against the non-governmental, private entity who was interested in early resolution." (Resp. at 8.) Regardless of the policy merits to the Plaintiff's arguments in favor of engaging in pre-suit settlement negotiations, the Court cannot find that he pursued his rights diligently or that extraordinary circumstances prevented him from filing on time. Accordingly, the Court finds that the Plaintiff is not entitled to equitable tolling of the statute of limitations, and the United States' motion for summary judgment should be granted.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Defendant United States of America's Motion to Dismiss, or, in the Alternative, for Summary Judgment* (Document 5) be **GRANTED**. The Court further **ORDERS** that any pending motions be **TERMINATED AS MOOT**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

ENTER: May 31, 2018

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA